MAY – 1 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United states District Court | Eastern District of Virginia |
|---|---|
| Name: Khayr Rooks | Docket No. 1 : 13 CV 543   CMH/TRJ |
| Place of Confinement: Augusta Correctional Center | Prisoner No: 1388039 |
| Petitioner<br>    Khayr Rooks | Respondent<br>Eddie L. Pearson, Warden at<br>Sussex 1 State Prison |
| The Assistant Attorney General of the State of Virginia Craig Stallard | |
| | |

ECEIVE

APR 29 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## PETITION

1.     **(a)** Name and location of court that entered the judgment of conviction you are challenging: Circuit Court in the City of Newport News, Virginia

        **(b)** Criminal docket or case number: Case No. CR11H01028-00

2.     **(a)** Date of the judgment of conviction (if you know): December 5, 2007
        **(b)** Date if sentencing: March 3, 2009

**3**. Length of sentence: 28 years to serve with 70 years suspended for a period of 50 years

**4.** In this case, were you convicted on more than one count or more than one crime?
Yes ☑          No ☐

**5.** Identify all crimes of which you were convicted and sentenced in this case:

    I was convicted and sentenced for: 6 use of a firearm in commission of a felony
    offenses in violation of Va. Code §18.2-53.1; 5 counts of robbery in violation of Va.
    Code § 18.2-58; 1 count of attempted robbery in violation of Va. Code § 18.2-26 and
    Va. Code § 18.2-58; 1 count of burglary in violation of Va. Code § 18.2-90; 1 count of
    wearing a mask in public in violation of Va. Code §18.2-422; and 1 count of conspiracy

to commit robbery in violation of Va. Code § 18.2-22

**6.**    **(a)** What was your plea? (Check one)

    **(1)** Not Guilty ☑          **(3)** Nolo contendere (no contest) ☐

    **(2)** Guilty ☐          **(4)** Insanity plea ☐

**(b)** If you entered a guilty plea to one count or charge and not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?:

    **(c)** If you want to trial, what kind of trial did you have? (Check one)

        Jury          judge only ☑

**7.** Did you testify at a pretrial hearing, trial, or a post trial hearing?

        Yes ☑          No ☐

**8.** Did you appeal from the judgment of conviction?

        Yes ☑          No ☐

**9**. If you did appeal, answer the following:

    **(a)** Name of court: Court of Appeals of Virginia

    **(b)** Docket or case number: Record No. 0502-09-1

    **(c)** Result: Denied

    **(d)** Date if result (if you know): December 2009

    **(e)** Citation to the case (if you know):

    **(f)** Grounds raised:

    A) The evidence was insufficient to prove beyond a reasonable doubt that Khayr Rooks participated in the robbery and other offenses on March 26, 2007.

    B) The Trial Court erred in ruling that it lacked the ability to sentence each of the use of a firearm offenses under Va. Code 18.2-53.1 as a first conviction or which the mandatory sentence is three years in prison.

    **(g)** Did you seek further review by a higher state court?  Yes No

        If yes, answer the following:

        **(1)** Name of court: Supreme Court of Virginia

        **(2)** Docket or case number (if you know):

        **(3)** Result: Denied

        **(4)** Date of result (if you know): June 11, 2010

        **(5)** Citation to the case (if you know):

**(6)** Grounds raised:

A) The Trial Court erred in ruling that it lacked the ability to sentence each of the six use of a firearm under Va. Code 18.2-53.1 as a first conviction for which the mandatory sentence is three years in prison.

**(h)** Did you file a petition for certiorari in the United States Supreme Court?

Yes □          No ☑

If yes, answer the following:

**(1)** Docket or case number (if you know):

**(2)** Result:

**(3)** Date of result (if you know):

**(4)** Citation to the case (if you know):

**10**. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑          No □

**11**. If your answer to Question 10 was "Yes," give the following information:

**(a) (1)** Name of court: Circuit Court in the City of Newport News, Virginia

**(2)** Docket or case number: Case No. CR11H01028-00

**(3)** Date of filing (if you know): June 8, 2011

**(4)** Nature of the proceeding: Petition for Writ of Habeas Corpus

**(5)** Grounds raised:

A) Counsel was ineffective for failing to object to petitioner's convictions for use of a firearm where no "firearm" was used.

B) Counsel was ineffective for failing to object to the multiplicious use of charges for use of a firearm in commission of a robbery.

C) Counsel was ineffective for failing to raise claims on appeal as both state and federal law.

D) The Trial Court erred in ruling that it lacked the ability to sentence petitioner as a first offense for all six of the use of a firearm convictions.

**(6)** Did you receive a hearing where evidence was given on your petition, application, or motion?          Yes □ No ☑

**(7)** Result: Denied

**(8)** Date of result (if you know): May 29, 2012

**(b)** If you filed any second petition, application, or motion, give the same information:

**(1)** Name of court: Supreme Court of Virginia

**(2)** Docket or case number: Record No. 121465

**(3)** Date of filing (if you know): August 8, 2012

**(4)** Nature of the proceeding: Appeal of Writ for Petition of Habeas Corpus

**(5)** Grounds raised:

A) The petitioner was denied his Sixth Amendment right to effective counsel to his prejudice at trial when counsel did not object to the firearm offenses where no firearm was present.

B) The petitioner was denied his Sixth Amendment right to effective counsel to his prejudice at trial when counsel did not object to the multiplicious use of a firearm in commission of a felony offenses.

**(6)** Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☑

**(7)** Result: Denied

**(8)** Date of result (if you know): January 29, 2013

**(c)** If you filed any third petition, application, or motion, give the same information:

**(1)** Name of court:

**(2)** Docket or case number (if you know):

**(3)** Date of filing (if you know):

**(4)** Nature of the proceeding:

**(5)** Grounds raised:

**(6)** Did you receive a hearing where evidence was given on your petition, application, or motion? Yes ☐ No ☐

**(7)** Result:

**(8)** Date of result (if you know):

**(d)** Did you appeal to the highest state court having jurisdiction over the action

taken on your petition, application, or motion?

    **(1)** First petition:        Yes ☑            No ☐

    **(2)** Second petition:    Yes ☐     No ☑

    **(3)** Third petition:      Yes ☐     No ☐

  **(e)** If you did not appeal to the highest state court having jurisdiction, explain why you did not:

**12.** For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or Treaties of the United States. Attach additional pages if you have more than four grounds. State the facts and laws supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you must be barred from presenting additional grounds at a later date.**

**GROUND:** The petitioner was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution at trial when counsel did not object to the use of a firearm in commission of a felony offenses where no firearms were present.

  **(a)** Supporting facts and law (State the specific facts and law that support your claim): **SEE ATTACHMENT (Grounds for relief)**

  **(b)** If you did not exhaust your state remedies on Ground    explain why:

  **(c) Direct  Appeal of Ground**

      **(1)** If you appealed from the judgment of conviction, did you raise this issue?

      Yes☐      No☑

      **(2)** if you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel claims cannot be raised on direct appeal in Virginia.

**(d) Post-Conviction Proceedings"**

> **(1)** Did you raise this issue through a post-conviction motion or petition for
> habeas corpus in a state trial court?     Yes ☑              No ☐
>
> **(2)** If your answer to Question (d) (1) is "Yes," state:
>
> Type of motion or petition: Petition for Writ of Habeas Corpus
>
> Name and location of the court where the motion or petition was filed: The
> Circuit Court in the city of Newport News, Va.
>
> Docket or case number (if you know): Case No. CR11H01028-00
>
> Date of court's decision: May 29, 2012
>
> Result (attach a copy of the court's opinion or order, if available):
>
> **(3)** Did you receive a hearing on your motion or petition?
>
> > Yes ☐ No ☑
>
> **(4)** Did you appeal from the denial of your motion or petition?
>
> > Yes ☑ No ☐
>
> **(5)** If your answer to Question (d)(4) is "Yes," did you raise this issue in the
> appeal?        Yes ☑ No ☐
>
> **(6)** If your answer to Question (d)(4) is "Yes," state:
>
> Name and location of the court where the appeal was filed: Supreme
> Court of Virginia
>
> Docket or case number (if you know): Record No. 121465
>
> Date of the court's decision: January 29, 2013
>
> Result (attach a copy of the court's opinion or order, if available):
>
> **(7)** If your answer to Question (d)(4) or Question (d)(5) is "No," explain
> why you did not raise this issue:

**(e) Other Remedies:** "Describe any other procedures (such as habeas corpus,
administrative remedies, etc.) that you have used to exhaust your state
remedies on Ground   :

**GROUND** : The petitioner was denied his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution to his prejudice at trial when counsel did not object to the multiplicious use of a firearm in commission of a felony charges.

**(a)** Supporting facts and law (State the specific facts and law that support your claim): **SEE ATTACHMENT (Grounds for relief)**

**(b)** If you did not exhaust your state remedies on Ground explain why:

**(c) Direct  Appeal of Ground**

**(1)** If you appealed from the judgment of conviction, did you raise this issue?

Yes☐          No☑

**(2)** if you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel claims cannot be raised on direct appeal in Virginia.

**(d) Post-Conviction Proceedings"**

**(1)** Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☑          No ☐

**(2)** If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Petition for Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: The Circuit Court in the city of Newport News, Va.

Docket or case number (if you know): Case No. CR11H01028-00

Date of court's decision: January 29, 2013

Result (attach a copy of the court's opinion or order, if available):

**(3)** Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

**(4)** Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

**(5)** If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?          Yes ☑ No ☐

**(6)** If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Supreme Court of Virginia

Docket or case number (if you know): Record No. 121465

Date of the court's decision: January 29, 2013

Result (attach a copy of the court's opinion or order, if available):

**(7)** If your answer to Question (d)(4) or Question (d)(5) is "No,"
explain why you did not raise this issue:

**(a) Other Remedies:** "Describe any other procedures (such as habeas
corpus, administrative remedies, etc.) that you have used to exhaust
your state remedies on Ground    :

**GROUND:** The trial court erred in ruling that it lacked the ability to sentence each
of the six use of a firearm offenses under Va. Code §18.2-53.1 as a first
conviction for which the mandatory sentence is three years in prison in violation
of the petitioner's right to the protection from double jeopardy under the
Fourteenth Amendment to the United States Constitution.

**(a)** Supporting facts and law (State the specific facts and law that support
your claim): **SEE ATTACHMENT (Grounds for relief)**

**(b)** If you did not exhaust your state remedies on Ground explain why:

**(c) Direct  Appeal of Ground**

**(1)** If you appealed from the judgment of conviction, did you raise
this issue?

Yes☑          No☐

**(2)** if you did not raise this issue in your direct appeal, explain why:

**(d) Post-Conviction Proceedings"**

**(1)** Did you raise this issue through a post-conviction motion or petition for
habeas corpus in a state trial court? Yes ☐   No ☑

Docket or case number (if you know):

Date of court's decision:

Result (attach a copy of the court's opinion or order, if available):

**(3)** Did you receive a hearing on your motion or petition?

   Yes □ No □

**(4)** Did you appeal from the denial of your motion or petition?

   Yes □ No □

**(5)** If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   Yes □ No □

**(6)** If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

**(7)** If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


**(e) Other Remedies:** "Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground:

**13**. Please answer these additional questions about the petition you are filing:

   **(a)** Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      Yes ☑ No □
   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   **(b)** Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have mot been presented, and state your reasons for not presenting them:

**14.** Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?

Yes □    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attached a copy of any court opinion or order, if available.

**15.** Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? Yes□    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:

**16.** Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

> David B. Olson
> 11836 Canon Blvd, Ste 100
> Newport News, Virginia 23606-2591

(b) At arraignment and plea:

> William "Sam" Roots
> 2600 Washington Ave., Suite 104
> Newport News, Virginia 23607

(c) At trial:

> William "Sam" Roots
> 2600 Washington Ave., Suite 104
> Newport News, Virginia 23607

(d) At sentencing:

> Charles E. Haden
> 1 East Queens Way, First Floor
> Hampton, Virginia 23669-4001

**(e)** On appeal:

> Charles E. Haden
> 1 East Queens Way, First Floor
> Hampton, Virginia 23669-4001

**(f)** In any post-conviction proceeding:

**(g)** On appeal from any ruling against you in a post-conviction proceeding:

**17.** Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

**(a)** If so, give name and location of court that imposed the other sentence you will serve in the future:

**(b)** Give the date the other sentence was imposed:

**(c)** Give the length of the other sentence:

**(d)** Have you filed, or do you plan to file, any petition the challenges the judgment or sentence to be served in the future?                    Yes ☐ No ☐

**18.** TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in28 U.S.C. § 2244 (d) does not bar your petition:

\* The Antiterrorism and effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. §2244(d) provides in part that:
**(1)** A one–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
    **(A)** The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    **(B)** The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Unites States is removed, of the applicant was prevented from filing by such state action;
    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively  applicable to cases on collateral review; or
    **(D)** The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of die diligence.

**(B)** The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Unites States is removed, of the applicant was prevented from filing by such state action;
**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively  applicable to cases on collateral review; or
**(D)** The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of die diligence.
**(2)** The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.


Therefore, petitioner asks that the Court grant the following relief:

Or any other relief to which petitioner may be entitled.


_____

Name  Khayr Books /1388039

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is

true and correct and that this Petition for Writ of Habeas Corpus was placed

in the prison mailing system on 23rd day of ____April____ , 2013

Executed (signed) on                              (date)


_____

Name

If the person signing is not petitioner, state relationship to petitioner and explain

why petitioner is not signing this petition.

# **GROUNDS FOR RELIEF** (sec. 12 of petition)

<u>Ground 1:</u> The petitioner was denied his right to effective assistance of counsel under the Sixth Amendment to the United States Constitution to his prejudice at trial when counsel did not object to the use of a firearm in commission of a felony offenses in violation of Va. Code §18.2-53.1 where no firearms were present.

### <u>Supporting Facts:</u>

At trial, the Commonwealth presented three air-soft bb guns as the weapons used to orchestrate a robbery that took place on March 26, 2007. Clarke and Armand, the petitioner's codefendants, as well as the victims, Royster, Diones, Buckley, Franks, League, and Murphy, and the Commonwealth's expert witness, Detective Sawyer, all testified to this fact. Consequently, the petitioner was convicted and sentenced for using firearms in commission of a felony in violation of Va. Code §18.2-53.1. During the trial, certified firearms instructor, Detective Sawyer testified that the objects in question were not firearms but air-soft pistols (see Trial Transcript [T.T.] pg. 133). In addition to that, Franks testified that he knew the objects in question were not actual firearms. Moreover, at the time of trial, counsel was in possession of a police report that indicated that the other victims were well aware of the fact during the robbery that the objects were not firearms. On Page 2 of the Newport News Police Department Statement Form, League said to Detective Sawyer, "…They were wearing a bunch of ski masks. _____ said, they really ain't armed and dangerous. They're little plastic guns they crack you side of the head with it. It's like a plastic piece of shit cap gun. It's totally dumb, I should have broken his nose." and on pg. 4 he reiterates, "I came over _____ hit in the head

with a plastic gun." This proves that each and every one of the victims that came in contact with a plastic air-soft bb gun or was in the vicinity of one who was assaulted with one, was well aware that they were not in the presence of firearms. Also, the statement that he should have broken someone's nose proves the absence of the necessary element of fear or intimidation. On pg. 85[T.T.], Buckley testified that he was assaulted by one of the objects. Though he stated he was hit by a metal pistol this is an obvious lie because the Commonwealth evidence proved the absence of metal pistols and as divulged by the other victim to the police, one could tell on impact that the objects were plastic.

Counsel also had in his possession at the time of trial the transcripts of Clarke's preliminary hearing [P.T.]. On pg. 17 [P.T.], Royster admitted that Clarke hit him in the back of the head with one of the objects supporting the logical inference that he too knew the guns were plastic. On pg. 39[P.T.], Diones says he thought Clarke possessed a gun because he put it to his head. This admission that he came in contact with the plastic object is proof that he knew the object was not a firearm. Considering all of these victims are cognizant adults of sound mind and body, it would be completely unreasonable and illogical to say that some could differentiate the feeling of the blow to the head by a metal gun from a blow from a plastic object while others could not. It would also be illogical to infer that if someone in the immediate vicinity of another, within inches, was hit by a plastic bb gun, that everyone within range of hearing would not be able to differentiate the sound of a blow from plastic from a blow from metal. By their own admission of the events that took place that evening, it is only reasonable to conclude that each of the victims knew that the objects in question were not firearms.

A firearm is defined as a weapon that expels a projectile through use of explosive force or gun powder. Being that none of these were present, the Commonwealth's expert witness testified to the true nature of the objects in question, and there is factual evidence that the victims were aware during the robbery that the objects weren't firearms, counsel had a legal obligation to challenge the firearm offenses through cross-examination of the witnesses and

objection to the presentation of knowingly false evidence. Had counsel challenged these fraudulent firearm offenses as any competent lawyer with knowledge that the prosecution hadn't met the elements necessary to convict a defendant would have, there is a more than reasonable probability of the trial having a different outcome.

**GROUND 2:** The petitioner was denied his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution to his prejudice at trial when counsel did not object to the multiplicious use of a firearm in commission of a felony charges in violation of Va. Code §18.2-53.1.

### Supporting Facts:

At trial, the petitioner was tried and convicted of six separate use of a firearm in commission of a felony offenses in violation of Va. Code §18.2-53.1. However, there was only one firearm usage. During the event in question, air-soft bb guns were used to commit a burglary in the process of which several victims were robbed. Burglary is defined as the common-law offense of breaking and entering into another's dwelling at night with the intent to commit a felony. Using a bb gun in commission of such automatically includes the usage in the felony one intended to commit upon entering the dwelling, specifically robbery in the petitioner's case. Being that this event consisted of multiple offenses occurring at the same time and place with the same charges, victims, and coconspirators, this only signifies one bb gun usage. Counsel being a professional well versed in the study and application of law, was negligent in not challenging the multiplicity of these charges, indictments, convictions and sentences. Absent his negligence, the court would have been obligated to drop all but one of the 18.2-53.1 violation leaving only one first offense firearm charge for which the mandatory minimum sentence is 3 years. The petitioner would not be serving a mandatory 28 year

sentence. Thus, if counsel was competent and challenged the multiplicious firearm charges, there is a reasonable probability of a different outcome at trial.

**GROUND 3:** The trial court erred in ruling that it lacked the ability to sentence each of the six use of a firearm offenses under Va. Code §18.2-53.1 as a first conviction for which the mandatory sentence is three years in prison in violation of the petitioner's right to the protection from double jeopardy under the Fourteenth Amendment to the United States Constitution.

**Supporting Facts:**

At trial, the petitioner was convicted of six use of a firearm offenses in violation of Va. Code §18.2-53.1. The Commonwealth used the circumstances of the case to stack multiple offenses, as is the customary employment of this statute. Yet, when reviewing the wording of 18.2-53.1, the trial court as well as the Commonwealth's customary interpretation of this statute is both irrational and erroneous. Though the petitioner was convicted of six different violations, they all happened simultaneously. According to the wording of the statute, justification for classifying one as a first offense and another as secondary or subsequent is no where to be found. There is nothing in the statute to corroborate such an interpretation. Even in the indictments for these offenses each one was classified as a first offense. For starters, the petitioner has no prior firearm convictions. Moreover, to say that five of the six were secondary or subsequent to one another is completely irrational. Using the plain language utilized in the statute, it is completely unconstitutional to consider an event to be both simultaneous and secondary and subsequent at the same time as this violates the petitioner's Due Process rights.

Statutes must be construed as plainly worded and as legislation intended in creating such statutes. Logically, if legislature intended for a first offense firearm charges to occur simultaneously with secondary and subsequent offenses, the mandatory minimum sentence would be the same for each. The trial court having jurisdiction over this case erred when Judge Tench denied the

petitioner's motion to sentence each use of a firearm offense as a first conviction. He stated on pg. 13 of the sentencing transcript, "I don't disagree with what you're asking for, [but] I just don't think I have the authority to do it." This court did in fact have the authority to interpret and enforce the statute §18.2-53.1 as it is worded and by deferring from exercising it, the Fourteenth Amendment Due Process Clause protecting the petitioner from the erroneous interpretation law was violated.