IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Khayr Rooks,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:13cv543 (CMH/TRJ) |
| ) | |
| **Eddie L. Pearson,** ) | |
| Respondent. ) | |

MEMORANDUM OPINION

Khayr Rooks, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Newport News, Virginia of robbery and other offenses. On May 5, 2014, Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply on May 29, 2014. After reviewing the motions and the relevant state court records, petitioner's claims must be dismissed, for the reasons that follow.

**I. Background**

On March 3, 2009, after a bench trial, petitioner was found guilty of one count of conspiracy, one count of wearing a mask in public, one count of burglary, five counts of robbery, one count of attempted robbery, and six counts of use of a firearm during the commission of a felony in the Circuit Court for the City of Newport News. Commonwealth v. Rooks, Case Nos. 07-61771, 61773 through 61775, 07-6177 through 61782, 07-61785, 61788, 61789, 61859. The court sentenced him to ninety-eight years' incarceration, with seventy years suspended, as well as one year of supervised release. Petitioner pursued a direct appeal to the Court of Appeals of

Virginia challenging (1) the sufficiency of the evidence supporting his convictions; and (2) the trial court's finding that it lacked discretion to sentence him to the three-year mandatory minimum for a first offense on all six of his firearm counts, rather than the five-year minimum for subsequent offenses. The Court of Appeals denied the petition for appeal on August 5, 2009, and a three-judge panel denied rehearing on December 16, 2009. Rooks v. Commonwealth, R. No. 0502-09-1 (Va. Ct. App. 2009). On June 11, 2010, the Supreme Court of Virginia denied petitioner's petition for appeal. Rooks v. Commonwealth, R. No. 092516 (Va. 2010).

On June 8, 2011, petitioner filed a petition for writ of habeas corpus in the Circuit Court for the City of Newport News, claiming that (1) trial counsel was ineffective for failing to object to the use of a firearm, as no "firearm" was actually used; (2) trial counsel was ineffective for failing to object to the charging of multiple, rather a single, use of a firearm charges; (3) appellate counsel was ineffective for not presenting his arguments as based on both state law and the Constitution; and (4) the trial court erroneously concluded that it lacked discretion to construe each firearms charge as a first offense under the Virginia Code.[1] On May 29, 2012, the court dismissed the petition. Rooks v. Dir., Dep't of Corr., Case No.CR11H01028-00. Petitioner appealed to the Supreme Court of Virginia, which refused his appeal on January 29, 2013. Rooks v. Pearson, R. 121465. Petitioner then filed the instant federal habeas corpus petition on May 1, 2013, raising the following claims:

> (1) Trial counsel was ineffective for failing to object to the charges of use of a firearm in the commission of a felony, as there were no "firearms" present during the commission of the underlying crimes.
>
> (2) Trial counsel was ineffective for failing to object to the charging of "multiplicious," rather than a single, use of a firearm in commission of a felony charges.

---

[1] In its opinion, the Circuit Court for the City of Newport News labeled petitioner's claims as (A)-(D). For consistency, the Court adopts the petitioner's use of numbers, rather than letters.

2

(3) The trial court erred in concluding that it lacked the discretion to treat each charge of use of a firearm in the commission of a felony as an initial offense, and sentence petitioner to the mandatory minimum for a first offense.

Respondent filed a motion to dismiss petitioner's claims on May 5, 2104. Petitioner filed a reply on May 29, 2014. Based on the pleadings and state court records before this Court, it is uncontested that petitioner exhausted all of his claims before the Supreme Court of Virginia, as required by 28 U.S.C. § 2254. Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Terry Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determinations with

3

deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

A. Ground One

In his first ground for relief, petitioner argues that his trial counsel was ineffective for failing to challenge the "fraudulent firearm offenses" with which petitioner was charged. Pet. Att. 1-2. He states that the evidence presented at trial showed that the "firearms" used in the underlying felonies were actually air-soft guns, and that the witnesses knew that such weapons were not actually firearms. Id. 1. The Circuit Court for the City of Newport News rejected this claim on the merits, and the circuit court's reasoning is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Specifically, the Circuit Court dismissed the claim as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984). See Rooks v. Dir., Dep't of Corr., Case No. CR11H01028-00, at ¶ 9. In reviewing the state court's decision as to Ground One, the state court's conclusion was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts.

To prevail on an ineffective assistance of counsel claim, petitioner must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984). Under this test,

4

petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. Strickland, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. See, e.g., Bell v. Cone, 535 U.S. 685, 695 (2002); Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

The Circuit Court for the City of Newport News found that petitioner failed to meet his burden on either prong of the Strickland test. Specifically, the court concluded that any objection made by counsel to the charges of use of a firearm in the commission of a felony would have been futile, as the Supreme Court of Virginia has held that "a firearm need not be capable of firing a projectile of any type to constitute a firearm for purposes of a violation of [the Virginia Code]." Rooks v. Dir., Dep't of Corr., Case No. CR11H01028-00, at ¶ 9. Relying on Correll v. Commonwealth, 232 Va. 454, 470, 352 S.E.2d 352, 361 (1987), the court held that counsel's performance was not ineffective for failing to make a futile objection. In addition, the court found that petitioner could not prove that his trial would have had a different outcome if counsel had acted differently. Id. As nothing in this analysis by the Circuit Court of Newport News is factually unreasonable or contrary to or an unreasonable application of established federal law, Ground One must be dismissed.

B. Ground Two

Petitioner's second ground for relief is his argument that trial counsel was ineffective for failing to object to petitioner's indictment, conviction, and sentencing for multiple charges of use of a firearm during the commission of a felony. Pet. Att. 3-4. Specifically, he argues that, as the charges all arose out of one event, the charges should have been reduced to a single use of a firearm charge, and counsel was negligent for not raising such a challenge. Id. The Circuit Court for the City of Newport News also rejected this claim on the merits. Specifically, the Circuit Court dismissed the claim as failing to satisfy the standard for ineffective assistance of counsel articulated in Strickland, 466 U.S. at 668. See Rooks v. Dir., Dep't of Corr., Case No. CR11H01028-00, at ¶ 10. In reviewing the state court's decision as to Ground Two, the state court's conclusion was not contrary to, or an unreasonable application of, clearly established federal law, nor did it involve an unreasonable determination of the facts.

Specifically, the Circuit Court found no merit to petitioner's claim that "as there was one incident, there should have been only one charge." Id. The court found that, because petitioner's charges involved six victims, each robbed at gunpoint, he was properly charged with six counts of use of a firearm during the commission of a felony. Therefore, counsel had no reason to object to the charges, and counsel's performance was not ineffective. Id. (citing Correll, 232 Va. at 470). In addition, the court found that petitioner failed to establish prejudice, as he did not present evidence that, but for counsel's errors, there was a reasonable probability of a different outcome at his trial. Id. As the court's reasoning is not contrary to, or an unreasonable application of clearly established federal law, Ground Two must be dismissed.

C. Ground Three

In petitioner's third ground for relief, he argues that the trial court erroneously concluded that it lacked discretion to classify each of petitioner's charges of use of a firearm during the

commission of a felony as a first offense. Pet. Att. 4-5. He argues that the trial court's error violated his right to protection from Double Jeopardy under the Fourteenth Amendment. Id. On direct review, the Court of Appeals of Virginia rejected petitioner's claim on the merits, and found that the trial court did not err in its sentencing determination. See Rooks v. Commonwealth, R. No. 050209-01, at *6. The reasoning of the Court of Appeals is imputed to the Supreme Court of Virginia, which refused the appeal without explanation. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In affirming petitioner's sentence, the Court of Appeals of Virginia relied solely on state law precedent. See Rooks v. Commonwealth, R. No. 050209-01, at *4-*6. This Court does not have the power to review the Virginia courts' determination of Virginia law, and cannot provide federal habeas corpus relief when a petitioner alleges that a state court incorrectly applied state law. See, e.g., Estelle v. McGuire, 560 U.S. 62, 67 (1991) (internal quotations omitted) ("Federal habeas corpus relief does not lie for errors of state law."); Lawrence v. Baker, 517 F.3d 700, 717 (4th Cir. 2008). A claim of alleged error in a state court sentencing proceeding raises only issues of state law, and is thus not cognizable in a § 2254 petition, even when the claim is "couched in terms of equal protection and due process." Branan v. Booth, 861 F.2d 1057, 1508 (11th Cir. 1988) (internal citations omitted). Therefore, petitioner's claim that the Circuit Court for the City of Newport News abused its discretion in sentencing fails to state a ground for federal habeas corpus relief, and Ground Three must be dismissed.

Because nothing in the state court records indicates that the decision of the Supreme Court of Virginia was contrary to, or an unreasonable application of, clearly established federal law, or involved an unreasonable determination of the facts, all three of petitioner's grounds for relief will be dismissed.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 10th day of Nov, 2014.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia